UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES W. BALLINGER,

    Plaintiff,

vs.

OCWEN, *et al.*,

    Defendants.

Case No. 1:10-cv-798

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**[1]

Plaintiff, proceeding pro se, brings this § 1983 action against various individual and corporate defendants claiming a denial of his constitutionally protected due process rights. This matter is before the Court on plaintiff's motion for summary judgment (Doc. 6).

In his two-page motion for summary judgment, plaintiff asserts he is entitled to summary judgment as defendant Ocwen failed to timely respond to his complaint. Though plaintiff has titled his motion as one for summary judgment, it is more properly described as a motion for default judgment under Rule 55.[2] Supporting this interpretation is plaintiff's requested relief that defendant file a responsive pleading. Thus, the Court will treat the motion as a Rule 55 motion for default judgment.

Under Rule 12, "[a] defendant must serve a [responsive pleading] within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(a)(i). Here, plaintiff filed his original complaint on November 12, 2010 (Doc. 1). Plaintiff then filed an amended complaint on December 13, 2010 (Doc. 5). In response, defendant Ocwen filed a motion to

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] The motion also includes a heading "Rule 56 – Summary Judgment," however, what follows is a reference to case law describing pleading requirements.

-2-

dismiss plaintiff's amended complaint. (Doc. 7).[3] Plaintiff argues that defendant should have filed a responsive pleading to his original complaint on or before December 8, 2010.[4] Despite plaintiff's essentially correct timetable, defendant Ocwen has challenged the sufficiency of service and raises the same as a basis for dismissal. (Doc. 7, p. 2). From what the Court can glean from the docket, it appears plaintiff attempted to serve the complaint on an individual he identifies as "Lead Council" (sic) for Ocwen. (Doc. 2). On its face, the summons appears improper as it is not directed to defendant but to what seems to be a third-party attorney. *See* Fed. R. Civ. P. 4. However, there are insufficient facts presented by either party to determine whether, indeed, this service was proper.

In any event, the question of whether Ocwen timely responded to the *original* complaint is moot in light of the filing of the amended complaint on December 13, 2010. *See Drake v. City of Detroit, Michigan*, 266 F. App'x 444, 448 (6th Cir. 2008) (amended complaints supersede and nullify prior complaints). The amended complaint is now the operative complaint in this action. *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). Because plaintiff's "motion for judgment" is based on Ocwen's refusal "to answer the original complaint filed on 11-12-2010" (Doc. 6 at 1) and that complaint is no longer the operative complaint, plaintiff is not entitled to default judgment for any failure by Ocwen to answer or respond to the original complaint.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's motion for default/summary judgment (Doc. 6) be **DENIED**.

Date: 4/7/2011

Karen L. Litkovitz
United States Magistrate Judge

---

[3] The Court shall address this motion in a separate Order filed this date.
[4] The docket, in fact, shows that the original complaint and summons were delivered on November 16, 2010; hence, if a responsive pleading was due it should have been filed on or before December 7, 2010. (Doc. 4).

-3-

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JAMES W. BALLINGER,

    Plaintiff,

vs.

OCWEN, *et al.*,

    Defendants.

Case No. 1:10-cv-798

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X | ☒ Agent<br>☐ Addressee |
| | B. Received by ( Printed Name) | C. Date of Delivery |
| 1. Article Addressed to:<br><br>James W. Ballinger<br>308 E. Warren St.<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No | |
| | 3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D. | |
| | 4. Restricted Delivery? (Extra Fee) | ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7002 3150 0000 8389 1283 | |

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540