UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES W. BALLINGER,
Plaintiff,

vs.

OCWEN, *et al.*,
Defendants.

Case No. 1:10-cv-798
Barrett, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

Plaintiff brings this action pro se against various individual and corporate defendants claiming a denial of his rights. This matter is before the Court on defendant Ocwen Loan Servicing's motion to dismiss (Doc. 7), to which plaintiff has not responded; and on the Court's Show Cause Orders of April 8, 2011 (Docs. 9, 11), to which plaintiff has not responded.

On November 12, 2010, plaintiff filed a complaint against the following entities and individuals: Ocwen, Assurant, Altisource, Ron Faris, Linda Ludwig, Robert Kaltenbach, Margery Rotundo, and Rick Wood. (Doc. 5). On April 8, 2011, the Court ordered plaintiff to serve a summons and copy of the complaint on the defendants within twenty (20) days or show cause, in writing, why service cannot be effected within this time period. (Doc. 9). Plaintiff was warned that a failure to comply with the terms of the Order would result in a report and recommendation to the District Court that plaintiff's claims against the defendants be dismissed for lack of service. *Id.* Plaintiff did not respond to the Show Cause Order or show that service of process was made on the defendants.

On January 14, 2011, defendant Ocwen filed a motion to dismiss plaintiff's second amended complaint. (Doc. 7).[1] Plaintiff did not file a response to the motion to dismiss. On April 8, 2011, the Court ordered plaintiff to show cause, in writing and within twenty (20) days, stating why the Court should not dismiss his claims against defendant Ocwen for lack of prosecution. (Doc. 11). Plaintiff was further ordered to show cause, in writing and within twenty (20) days, why he did not attach a copy of the contract which forms the basis of his breach of contract claim against Ocwen to his amended complaint. *See* Ohio Civ. R. Rule 10(d) ("When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading."). Plaintiff failed to respond to the Court's Show Cause Order.

To date, plaintiff has failed to respond to the Court's Show Cause Orders or to defendant Ocwen's motion to dismiss. Plaintiff's failure to respond to the Court's Orders and to file a response to the motion to dismiss warrants dismissal of this case pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. *See Jourdan v. Jabe*, 951 F.2d 108, 109-10 (6th Cir. 1991). District courts have this power to dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). *See also Jourdan*, 951 F.2d at 109.

**IT IS THEREFORE RECOMMENDED THAT** plaintiff's case be **DISMISSED** with

---

[1] Defendant Ocwen has filed notice showing service of the motion to dismiss was made on plaintiff by certified mail. *See* Docs. 15, 16.

prejudice for lack of prosecution and this matter be terminated on the docket of the Court.

Date: 6/1/11

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES W. BALLINGER,　　　　　　　　　　　　Case No. 1:10-cv-798
　　　Plaintiff,　　　　　　　　　　　　　　　Barrett, J.
　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
vs.

OCWEN, *et al.*,
　　　Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

4

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee |
| | B. Received by (Printed Name)    C. Date of Delivery |
| 1. Article Addressed to:<br><br>James Ballinger<br>308 E. Warren St.<br>Lebanon, OH 45036 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No |
| | 3. Service Type<br>☒ Certified Mail    ☐ Express Mail<br>☐ Registered    ☐ Return Receipt for Merchandise<br>☐ Insured Mail    ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7001 2510 0008 6348 6984 |

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540